**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **COOPERATIVE ENTERTAINMENT, INC.,** | |
| Plaintiff, | C.A. No. 19-cv-2253-MN |
| v. | **PATENT CASE** |
| **WOWZA MEDIA SYSTEMS, LLC.** | **JURY TRIAL DEMANDED** |
| Defendant. | |

**DEFENDANT THE WOWZA MEDIA SYSTEMS'
ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS
TO PLAINTIFF'S COMPLAINT**

Defendant Wowza Media Systems, LLC. ("Wowza" or "Defendant") files this, its Answer,

Affirmative Defenses, and Counterclaims to Plaintiff Cooperative Entertainment, Inc.'s ("CEI" or

"Plaintiff") Complaint for Patent Infringement ("Complaint"). [1] Wowza denies the allegations and

characterizations in Plaintiff's Complaint unless expressly admitted in the following paragraphs.[2]

## **PARTIES**

1.      Wowza is without knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 1 of the Complaint and, on that basis, denies all such

allegations.

2.      Wowza admits the allegations in Paragraph 2 of the Complaint.

---

[1] The product CEI's Complaint accuses of infringing, U.S. Patent No. 9,432,452 (the "'452
Patent") does not exist.

[2] For avoidance of doubt, Wowza denies liability for all allegations of patent infringement included
or implied in the introductory paragraph or in any headings of the Complaint.

## JURISDICTION AND VENUE

3.     Wowza admits that the Complaint purports to set forth an action for infringement under the Patent Laws of the United States, 35 U.S.C. § 271, *et seq.*, but Wowza denies it has committed or is committing acts of infringement and denies Plaintiff is entitled to any relief.

4.     Wowza admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because Plaintiff has alleged infringement of a patent, but Wowza denies it has committed or is committing acts of infringement and denies Plaintiff is entitled to any relief.

5.     Wowza does not contest whether personal jurisdiction over it properly lies in this judicial district in this case. Wowza denies its headquarters is located in this district. Wowza admits that it is established in the State of Delaware and that it conducts business in this judicial district, but Wowza denies it has committed or is committing acts of infringement and denies Plaintiff is entitled to any relief. Wowza denies any remaining allegations in Paragraph 5 of the Complaint.

6.     Wowza admits that it is incorporated in the State of Delaware. Wowza does not contest that venue may be proper in this judicial district in this case, but denies that venue is convenient as to Wowza in this case. Wowza denies the remaining allegations in Paragraph 6 of the Complaint.

## [ALLEGED] CLAIMS OF PATENT INFRINGEMENT

### *[Alleged] Infringement of U.S. Patent No. 9,432,452*

7.     Wowza admits that a purported copy of U.S. Patent No. 9,432,452 is attached to the Complaint as Exhibit A and that the face of the patent indicates that it issued on August 30, 2016 from an application that was filed on September 10, 2013, and that it is entitled "Systems And Methods For Dynamic Networked Peer-To-Peer Content Distribution." Wowza is without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 7 of the Complaint and, on that basis, denies all such allegations.

8. Wowza denies the allegations in Paragraph 8 of the Complaint.

9. Wowza denies the allegations of Paragraph 9 of the Complaint.

10. Wowza denies it has committed or is committing acts of infringement in this district or elsewhere, and denies Plaintiff is entitled to any relief. Wowza denies the allegations included in the subparts of Paragraph 10 comparing the allegedly Exemplary '452 Patent Claims and the selected Wowza products. Wowza denies any remaining allegations in Paragraph 10 of the Complaint.

## [Plaintiff's] Prayer for Relief

To the extent that a response is required to Plaintiff's prayer for relief, Wowza denies that Plaintiff is entitled to any judgment against Wowza and/or an order granting relief in any of the forms requested in parts A-D.

## [Plaintiff's] Demand for Jury Trial

Wowza is not required to provide a response to Plaintiff's demand for a jury trial.

## AFFIRMATIVE DEFENSES

Wowza's Affirmative Defenses are listed below. Wowza reserves the right to amend its answer to add additional Affirmative Defenses consistent with the facts discovered in this case.

## FIRST AFFIRMATIVE DEFENSE

Wowza has not infringed and does not infringe, under any theory of infringement (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)), any valid, enforceable claim of the '452 Patent.

**SECOND AFFIRMATIVE DEFENSE**

Each asserted claim of the '452 Patent is invalid for failure to comply with one or more of the requirements of the United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

**THIRD AFFIRMATIVE DEFENSE**

To the extent that Plaintiff and any predecessors in interest to the '452 Patent failed to properly mark any of their relevant products or materials as required by 35 U.S.C. § 287, or otherwise give proper notice that Wowza's actions allegedly infringe the '452 Patent, Wowza is not liable to Plaintiff for the acts alleged to have been performed before Wowza received actual notice that it was allegedly infringing the '452 Patent.

**FOURTH AFFIRMATIVE DEFENSE**

To the extent that Plaintiff asserts that Wowza indirectly infringes, either by contributory infringement or inducement of infringement, Wowza is not liable to Plaintiff for the acts alleged to have been performed before Wowza knew that its actions would cause indirect infringement.

**FIFTH AFFIRMATIVE DEFENSE**

The claims of the '452 Patent are not entitled to a scope sufficient to encompass any system employed or process practiced by Wowza.

**SIXTH AFFIRMATIVE DEFENSE**

To the extent Plaintiff contends that it alleges a claim for indirect infringement (whether by inducement or contributorily), Plaintiff has failed to state a claim upon which relief can be granted.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief can be granted because the clams of the '452 Patent do not claim patent eligible subject matter under 35 U.S.C. § 101.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim of direct infringement because, among other things, Plaintiff has not stated a plausible allegation that any system employed or process practiced by Wowza includes: (1) a "system for virtualized computing peer-based content sharing"; (2) "at least one content delivery server computer constructed and configured for electrical connection and communication via at least one communications network"; (3) "at least one peer-to-peer (P2P) dynamic network including a multiplicity of peer nodes, wherein the multiplicity of peer nodes consume the same content within a predetermined time, wherein the multiplicity of peer nodes are constructed and configured for electronic communication over the at least one P2P dynamic network, wherein the at least one P2P dynamic network is based on at least one trace route"; (4) "the multiplicity of peer nodes is distributed outside controlled networks and/or content distribution networks (CDNs) that are included within the at least one communications network"; (5) "wherein the at least one content delivery server computer is operable to store viewer information, check content request, use the trace route to segment requested content, find peers, and return client-block pairs"; or (6) "distribution of P2P content delivery over the at least one P2P dynamic network is based on content segmentation[, and] content segmentation is based on CDN address resolution, trace route to CDN and P2P server manager, dynamic feedback from peers reporting traffic rates between individual peer and its neighbors, round-robin and other server side scheduling/resource allocation techniques."

## WOWZA MEDIA SYSTEMS, LLC'S COUNTERCLAIMS

For its counterclaims against Plaintiff Cooperative Entertainment, Inc. ("CEI"), Counterclaim Plaintiff Wowza Media Systems, LLC. ("Wowza") alleges as follows:

5

**PARTIES**

1. Counterclaim Plaintiff Wowza is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located in Golden, Colorado.

2. Upon information and belief based solely on Paragraph 1 of the Complaint as pled by Plaintiff, Counterclaim Defendant CEI, is a foreign limited liability company organized and existing under the laws of the State of North Carolina.

**JURISDICTION**

3. Wowza incorporates by reference Paragraphs 1-2 above.

4. These counterclaims arise under the patent laws of the United States, Title 35, United States Code. The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 *et seq.*, and 28 U.S.C. §§ 1331, 1338, 1367, and 2201–02.

5. CEI has consented to the personal jurisdiction of this Court at least by commencing its action for patent infringement in this District, as set forth in its Complaint.

6. Based solely on the filing of this action, venue is proper, though not necessarily convenient, in this District pursuant at least 28 U.S.C. §§ 1391 and 1400.

**COUNT I**
**DECLARATION REGARDING NON-INFRINGEMENT**

7. Wowza incorporates by reference Paragraphs 1-6 above.

8. Based on the filing of this action and at least Wowza's first affirmative defense, an actual controversy has arisen and now exists between the parties as to whether Wowza infringes U.S. Patent No. 9,432,452 (the "'452 Patent").

9. Wowza does not infringe at least Claim 1 of the '452 Patent because, *inter alia*, the accused system does not include: (1) a "system for virtualized computing peer-based content sharing"; (2) "at least one content delivery server computer constructed and configured for

electrical connection and communication via at least one communications network"; (3) "at least one peer-to-peer (P2P) dynamic network including a multiplicity of peer nodes, wherein the multiplicity of peer nodes consume the same content within a predetermined time, wherein the multiplicity of peer nodes are constructed and configured for electronic communication over the at least one P2P dynamic network, wherein the at least one P2P dynamic network is based on at least one trace route"; (4) "the multiplicity of peer nodes is distributed outside controlled networks and/or content distribution networks (CDNs) that are included within the at least one communications network"; (5) "wherein the at least one content delivery server computer is operable to store viewer information, check content request, use the trace route to segment requested content, find peers, and return client-block pairs"; or (6) "distribution of P2P content delivery over the at least one P2P dynamic network is based on content segmentation[, and] content segmentation is based on CDN address resolution, trace route to CDN and P2P server manager, dynamic feedback from peers reporting traffic rates between individual peer and its neighbors, round-robin and other server side scheduling/resource allocation techniques."

10.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Wowza requests a declaration by the Court that Wowza has not infringed and does not infringe any claim of the '452 Patent under any theory (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)).

**COUNT II**
**DECLARATION REGARDING INVALIDITY**

11.     Wowza incorporates by reference Paragraphs 1-10 above.

12.     Based on the filing of this action and at least Wowza's second affirmative defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the '452 Patent.

13.     The asserted claims of the '452 Patent are anticipated and/or rendered obvious by, *inter alia*, U.S. Patent Nos. 8,073,978; 7,903,652; and/or 7,149,797.

14.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Wowza requests a declaration by the Court that the claims of the '452 Patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## PRAYER FOR RELIEF

WHEREFORE, Wowza asks this Court to enter judgment in Wowza's favor and against CEI by granting the following relief:

a)     a declaration that the '452 Patent is invalid;

b)     a declaration that Wowza does not infringe, under any theory, any valid claim of the '452 Patent that may be enforceable;

c)     a declaration that CEI take nothing by its Complaint;

d)     judgment against CEI and in favor of Wowza;

e)     dismissal of the Complaint with prejudice;

f)     a finding that this case is an exceptional case under 35 U.S.C. § 285 and an award to Wowza of its costs and attorneys' fees incurred in this action; and

g)     further relief as the Court may deem just and proper.

## JURY DEMAND

Wowza hereby demands trial by jury on all issues.

Dated: February 10, 2020                    FISH & RICHARDSON P.C.


By: */s/ Jeremy D. Anderson*
     Jeremy D. Anderson (#4515)
     222 Delaware Avenue, 17th Floor
     Wilmington, Delaware 19801
     (302) 652-5070 (Telephone)
     (302) 652-0607 (Facsimile)
     janderson@fr.com

     Neil J. McNabnay
     Ricardo J. Bonilla
     Rodeen Talebi
     1717 Main Street, Suite 5000
     Dallas, Texas 19001
     (214) 747-5070 (Telephone)
     (214) 747-2091 (Facsimile)
     mcnabnay@fr.com;
     rbonilla@fr.com;
     rtalebi@fr.com

**ATTORNEYS FOR DEFENDANT
WOWZA MEDIA SYSTEMS, LLC.**

9